UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BARBARA SMITH                                               CIVIL ACTION

VERSUS                                                      NO. 16-1323

SOCIAL SECURITY ADMINISTRATION                              SECTION "H" (3)

REPORT AND RECOMMENDATION

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her claim for disability insurance benefits ("DBI") under Title II of the Social Security Act ("SSA"). The matter has been fully briefed on cross-motions for summary judgment and is ripe for review. For the following reasons, IT IS RECOMMENDED that plaintiff's motion for summary judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

I.      BACKGROUND

Plaintiff filed an application for DIB on December 9, 2013, alleging a disability onset date of April 11, 2013. (Adm. Rec. at 137-38, 152). Plaintiff alleged disability due to fibromyalgia, arthritis in the back and neck, shoulder pain, depression and anxiety, high blood pressure, and high cholesterol. (*Id.* at 156). Plaintiff, born on September 9, 1958, was 54 years old on the date on which she alleged disability and 56 years old at the time of the final administrative decision. (*Id.* at 152). Plaintiff has a high-school education. (*Id.* at 157). Plaintiff has past work experience as an administrative clerk and a collections clerk. (*Id.* at 32, 157).

Defendant initially denied plaintiff's application on July 18, 2014. (*Id.* at 71-83). Plaintiff sought an administrative hearing, which defendant held on May 18, 2015. (*Id.* at 36-69). Plaintiff and a vocational expert ("VE"), Casey Suggs, testified at the hearing.

On June 19, 2015, the ALJ issued a decision in which she found that plaintiff had not been

disabled since the alleged onset date. (*Id.* at 19-32).  In the decision, the ALJ concluded that plaintiff has the severe impairments of fibromyalgia and degenerative disc disease.  (*Id.* at 21).  The ALJ held that plaintiff does not have an impairment or a combination of impairments that meets or medically equals a listed impairment under the regulations.  (*Id.* at 23).  The ALJ found that plaintiff retains the residual functional capacity ("RFC") to perform sedentary work activity as defined in 20 C.F.R. § 404.1567(a) except that she is limited to lifting and carrying ten pounds occasionally and less than ten pounds frequently; standing and walking two hours out of an eight-hour day; and sitting six hours out of an eight-hour day.  (*Id.*).  He further found that plaintiff must be allowed to stand as needed without leaving the work area; she can occasionally climb but can never balance, stoop, kneel, crouch, or crawl; and she is able to reach overhead bilaterally occasionally but must avoid even moderate exposure to hazards.  (*Id.*)  The ALJ concluded that plaintiff can perform her past relevant work as a collections clerk.  (*Id.* at 32).   The ALJ thus denied plaintiff DIB.  (*Id.* at 33).

Plaintiff asked the Appeals Council to review the ALJ's conclusion that she is not disabled.  (*Id.* at 15).  On September 4, 2015, the Appeals Council denied plaintiff's request.  (*Id.* at 1-7).  Plaintiff then timely filed this civil action.

## II. STANDARD OF REVIEW

The function of a district court on judicial review is limited to determining whether there is "substantial evidence" in the record, as a whole, to support the final decision of the Commissioner as trier of fact, and whether the Commissioner applied the appropriate legal standards to evaluate the evidence.  *See* 42 U.S.C. § 405(g); *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir.1999); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Carriere v. Sullivan*, 944 F.2d

243, 245 (5th Cir.1991).  If the Commissioner's findings are supported by substantial evidence, this Court must affirm them.  *Martinez*, 64 F.3d at 173.

"Substantial evidence" is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401(1971); *Masterson v. Barnhart,* 309 F.3d 267, 272 (5th Cir. 2002).   It is more than a scintilla, but may be less than a preponderance. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir.1993).   A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the Commissioner's decision.  *See Boyd v. Apfel*, 239 F.3d  698, 704 (5th Cir. 2002).

A district court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner.   *Carey v. Apfel*, 230 F.3d 131, 135 (5th Cir. 2000); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995); *Spellman*, 1 F.3d at 360. The Commissioner is entitled to make any finding that is supported by substantial evidence, regardless of whether other conclusions are also permissible. *See Arkansas v. Oklahoma*, 503 U.S. 91, 112-13 (1992). Conflicts in the evidence are for the Commissioner to resolve, not the courts.  *Carey,* 230 F.3d at 135.  Any of the Commissioner's findings of fact that are supported by substantial evidence are conclusive.  *Ripley*, 67 F.3d at 555.  Despite this Court's limited function on review, the Court must scrutinize the record in its entirety to determine the reasonableness of the decision reached and whether substantial evidence exists to support it.  *Anthony v. Sullivan*, 954 F.2d 289, 295 (5th Cir.1992); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir.1990).

**III.    ENTITLEMENT TO BENEFITS UNDER THE ACT**

To be considered disabled and eligible for disability benefits under the Act, plaintiff must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."   42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).   A claimant is considered disabled only if his physical or mental impairment is so severe that he is unable to do not only his previous work, but can not, considering his age, education and work experience, participate in any other kind of substantial gainful work which exists in significant numbers in the national economy, regardless of whether such work exists in the area in which he lives, whether a specific job vacancy exists, or whether he would be hired if he applied for work.   42 U.S.C. § 1382(a)(3)(B).   The Commissioner has promulgated regulations that provide procedures for evaluating a claim and determining disability.   20 C.F.R. §§ 404.1501 - 404.1599 & Appendices, §§ 416.901t-416.988 (1995).    The regulations include a five-step evaluation process for determining whether an impairment prevents a person from engaging in any substantial gainful activity.   *Id.* §§ 404.1520, 416.920; *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994).

In *Shave v. Apfel*, 238 F.3d 592 (5th Cir. 2001), the Fifth Circuit restated the five-step procedure to make a disability determination under the Social Security Act:

> The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." To determine whether a claimant is disabled, and thus entitled to disability benefits, a five-step analysis is employed. First, the claimant must not be presently working at any substantial gainful activity. Second, the claimant must have an impairment or combination of impairments that are severe. An impairment or combination of impairments is "severe" if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." Third, the claimant's impairment must meet or

4

> equal an impairment listed in the appendix to the regulations. Fourth, the impairment must prevent the claimant from returning to his past relevant work. Fifth, the impairment must prevent the claimant from doing any relevant work, considering the claimant's residual functional capacity, age, education and past work experience. At steps one through four, the burden of proof rests upon the claimant to show he is disabled. If the claimant acquits this responsibility, at step five the burden shifts to the Commissioner to show that there is other gainful employment the claimant is capable of performing in spite of his existing impairments. If the Commissioner meets this burden, the claimant must then prove he in fact cannot perform the alternate work.

*Shave*, 238 F.3d at 594 (quoting *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir.1999)). If the ALJ determines that a plaintiff is not disabled under Step V of the five-part test, the ALJ must establish that the claimant has a "residual functional capacity," given the claimant's age, education, and past work experience, to perform other work available in the national economy. *Leggett v. Chater*, 67 F.3d 558, 564 n.11 (5th Cir. 1995). Step V also requires the Commissioner to use the medical-vocational guidelines to make her disability determination. *Id.*

The four elements of proof weighed to determine whether evidence of disability is substantial are: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) claimant's subjective evidence of pain and disability; and (4) claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir.1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Id*.

### IV.  ISSUES ON APPEAL

There are two issues on appeal:

(1)  Whether the ALJ erred in her assessment of plaintiff's credibility.

(2)  Whether the ALJ erred in her assessment of the medical evidence.

### V.  ANALYSIS

      **1.**      **Whether the ALJ erred in her assessment of plaintiff's credibility.**

Plaintiff argues that she experiences a constant "9 out of 10" pain. Plaintiff maintains that pain is so subjective that no person – not even an ALJ – can quantify it. After reviewing plaintiff's arguments, the Court finds that plaintiff fails to meet her burden of demonstrating disabling limitations merely by stating that she experiences pain. *Jones v. Heckler*, 702 F.2d 616, 621 n.4 (5th Cir. 1983) ("[T]he mere existence of pain is not an automatic ground for obtaining disability benefits."). Rather, plaintiff must show that she experiences functional limitations. *Hames v. Heckler*, 707 F.2d 162, 165 (5th Cir. 1983) ("The mere presence of some impairment is not disabling per se. Plaintiff must show that she was so functionally impaired that she was precluded from engaging in any substantial gainful activity."). As plaintiff's brief identifies no other additional limitations other than her pain, she has not met her burden of proof.

"It is within the ALJ's discretion to determine the disabling nature of a claimant's pain, and the ALJ's determination is entitled to considerable deference." *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (citations omitted). To this end, the ALJ is required to make "affirmative findings regarding a claimant's subjective complaints [of pain]," *Falco v. Shalala*, 27 F.3d 160, 163 (5th Cir. 1994), and such findings "should be upheld if supported by substantial evidence." *Chambliss*, 269 F.3d at 522 (citation omitted). The ALJ is not required to explicitly discuss all the evidence that supported the decision or the evidence that she rejected. *See Falco v. Shalala*, 27 F.3d 160, 163-64 (5th Cir. 1994). "That the [ALJ] did not follow formalistic rules in [her] articulation compromises no aspect of fairness or accuracy that this process is designed to ensure." *Id.*; *see also Haywood v. Soc. Sec. Admin.*, No. Civ. A. 14-415, 2015 WL 846210, at *6 (E.D. La. Feb. 25, 2015).

The ALJ considered the totality of the medical evidence and determined that it did not support plaintiff's subjective complaints of pain. (Adm. Rec. at 23-32). For instance, plaintiff testified that she can only stand or walk for ten to 15 minutes at a time, can not perform any household chores, and can not even pick up a telephone. (*Id.* at 51-52, 61-63). However, plaintiff's physical examinations yielded only mild deficits. At examinations in April 2013 and January 2014, Evangeline Scopeitis, M.D., found normal reflexes, normal sensation, normal ability to walk on heels and toes, and "5/5" motor strength. (*Id.* at 25, 28, 227, 295).

Nurse practitioner Brenda Salmeron examined plaintiff on several occasions during the relevant period, and aside from intermittently limited range of motion in the spine and shoulders, examinations were generally normal. Salmeron consistently found 4/5 or 5/5 muscle strength in most muscles, normal muscle tone, normal reflexes, normal rheumatological function, and normal coordination. (*Id.* at 26-28, 230-31, 245-47, 255-56, 261-62, 277, 282-84, 289). In November 2013, Mirjana Baruka, M.D., found normal range of motion in all joints, normal reflexes, normal muscle tone, normal sensation, and "5/5" strength in all muscles. (*Id.* at 28, 291-92). In December 2014 and February 2015, Hazem Eissa, M.D., examined plaintiff and found "5/5" muscle strength in all muscles, full reflexes, normal range of motion in all joints except the spine, and normal gait (*Id.* at 30, 373, 379-81).

In addition, plaintiff's bi-weekly aquatic physical therapy regimen involves performing one-hour of exercises such as swimming six laps, squats, lunges, lat pulls, rows, marches, and bicycle kicks. (*Id.* at 237-40, 248-53, 263-76). Moreover, in a function report completed in January 2014, plaintiff attested that she continued to take care of her husband and son at home, fix meals, do laundry and dishes, and shop for groceries. (*Id.* at 174-82). The ALJ discussed all of this

7

evidence and properly determined that it undermined plaintiff's contentions that she could not withstand even sedentary work. (*Id.* at 27-32). In order to be credible, subjective complaints must be corroborated by objective medical evidence. *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001). Simply stating that she is in constant pain does not meet her burden.

Plaintiff also contends that the ALJ erred when she found plaintiff's fibromyalgia and degenerative disc disease severe at step two but not finding these impairments disabling. In doing so, plaintiff misconstrues the sequential evaluation process. At step two, the ALJ determines whether an impairment limits a claimant's ability to work. 20 C.F.R. §§ 404.1520(c), 404.1521. Not all "severe" impairments are disabling. *See, e.g., Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988). After step three, the ALJ determines a claimant's RFC and enumerates specific, work-related limitations caused by plaintiff's severe impairments. 20 C.F.R. § 404.1545(a). In this case, the ALJ found two of plaintiff's alleged impairments severe under the SSA and concluded that plaintiff is capable of a limited range of sedentary work even with those severe impairments. (Adm. Rec. at 23). Substantial evidence thus supports the ALJ's decision to decline to find plaintiff's impairments disabling, even though they are "severe."

**2.     Whether the ALJ erred in her assessment of the medical evidence.**

The ALJ reviewed all of the medical opinions of record and correctly determined that none of the records support a finding of disability. The ALJ noted that plaintiff's treating physician, Robert Mimeles, M.D., completed a check-mark assessment in September 2014. (*Id.* at 356-62). While plaintiff complains that the ALJ disregarded Mimeles's opinion, the ALJ included all of Mimeles's limitations – even more – in her RFC assessment.  On the form, Mimeles opines that plaintiff can occasionally lift ten pounds and frequently lift less than ten pounds; can stand and/or

8

walk for two-hours throughout the workday, and must alternate sitting and standing; can occasionally climb; and can never balance, stoop, kneel, crouch, or crawl. (*Id.* at 356-57). The ALJ included all of these limitations in her RFC assessment. (*Id.* at 23). In fact, the ALJ went further than Mimeles and limited plaintiff to occasional overhead reaching and no exposure to hazards. (*Id.* at 23). Because the ALJ's RFC is actually more limiting than the opinions of plaintiff's treating physician and the state agency physician, it appears that the ALJ gave plaintiff the benefit of the doubt. (T*Id.* at 23, 77-78, 356-57). Thus, plaintiff's argument concerning the ALJ's analysis of the medical opinions presents no basis for this Court to remand to the Commissioner.

While the Court is on the topic of the medical evidence and plaintiff's attendant RFC as determined by the ALJ, the Court also notes – although the Commissioner did not address – that plaintiff challenges the ALJ's application of the responses that she received from the hypotheticals that she posed to the VE. While plaintiff recognizes that the first hypothetical posed to the ALJ incorporated the limitations on her RFC ultimately adopted by the ALJ, plaintiff complains that in response to the next two hypotheticals – both of which contained a further limitation – the VE testified that plaintiff "would not be able to successfully maintain full-time gainful employment." (Adm. Rec. at 67). Plaintiff essentially contends that the ALJ should have adopted the second and third hypotheticals and found her disabled.

An ALJ's hypothetical is "defective unless[:] (1) it incorporates reasonably all disabilities of the claimant recognized by the ALJ, and (2) the claimant or [his] representative is afforded the opportunity to correct deficiencies in the hypothetical." *Bellow v. Chater*, 66 F.3d 323, 1995 WL 534955, at *1 (5th Cir. Aug. 16, 1995) (unpub.) (citing *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). As the Fifth Circuit has stressed, an ALJ's hypothetical need only "incorporate

9

reasonably" these impairments. *See id.*; *see also Hardman v. Colvin*, 820 F.3d 142, 148-49 (5th Cir. 2016) (reciting standard).

Here, the limitations recognized by the ALJ in his decision were reasonably incorporated into the first hypothetical posed to the vocational expert.[1] *See, e.g., Glover v. Barnhart*, 81 Fed. . 513, 514-15 (5th Cir. 2003) (applying *Bowling* standard and finding hypothetical not defective because hypothetical reasonably incorporated limitations recognized by ALJ, limitations were supported by substantial evidence, and ALJ gave applicant opportunity to suggest additional limitations). The second hypothetical contained the further limitation that plaintiff would have to alternate between sitting and standing, and the VE responded that if plaintiff did not leave the work area, she could perform the work, but if she had to leave her work area, she could not. (Adm. Rec. at 66-67). The ALJ incorporated this limitation into plaintiff's RFC by providing that plaintiff "must be allowed to stand as needed without leaving the work area." (*Id.* at 23). And the ALJ ultimately rejected the third hypothetical – that plaintiff would have to miss three days of work a week – and, as the medical evidence outlined reveals, neither party cited the Court to record evidence to support such a limitation.

And lastly, the ALJ asked counsel if he would like to question the ALJ as to the hypotheticals. (*Id.* at 68). Counsel declined to do so. (*Id.*). This argument thus fails.

While the Court recognizes that plaintiff cites to evidence in the record to support her arguments, it is axiomatic that this Court may not try the issues *de novo*, re-weigh the evidence, or substitute its own judgment for that of the Commissioner. *Carey el*, 230 F.3d at 135; *Ripley*, 67

---

[1] Indeed, the ALJ actually posed the hypothetical with the limitation that plaintiff can lift and carry 20 pounds occasionally. (*Id.* at 65). The ALJ reduced this limitations to ten pounds in her final RFC, thus rendering plaintiff's limitations stricter.

F.3d at 555; *Spellman*, 1 F.3d at 360. As long as the Commissioner's findings of fact are supported by substantial evidence, they are conclusive, even if this Court were to arrive at a different conclusion. *Ripley*, 67 F.3d at 555. And here, the Court finds that they are.

## VI. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that plaintiff's Motion for Summary Judgment be DENIED, the Commissioner's cross-motion be GRANTED, and plaintiff's case be DISMISSED WITH PREJUDICE.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 14th day of October, 2016.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**